IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANGEL MITCHELL CALHOUN | ) | |
| As Natural Parent of KENNETH | ) | |
| MITCHELL, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | File No._____ |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., FLOMAC | ) | |
| TRANSPORTATION, INC., | ) | |
| and DARIUS ALAN IVY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff, Angel Mitchell Calhoun, as Natural Parent of Kenneth Mitchell, deceased, brings this complaint for damages against FedEx Ground Package System, Inc. (hereinafter "FedEx"), Flomac Transportation, Inc. (hereinafter "Flomac"), and Darius Alan Ivy (hereinafter "Ivy"), showing as follows.

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Angel Mitchell Calhoun is a resident of South Carolina. Ms. Calhoun submits to the jurisdiction and venue of this Court.

2.

Defendant Darius Alan Ivy is a resident of Starkville, Oktibbeha County, Mississippi whose last known address is 135 Sand Rd., Starkville, MS 39759. At the time of the acts and omissions that are the subject of this Complaint, Defendant Ivy was an employee and/or agent of Defendant FedEx and was driving a tractor-trailer operated by Defendant FedEx.  Defendant Ivy is subject to the jurisdiction of this Court pursuant to the Constitution of the State of Georgia, and O.C.G.A. § 9-10-91. Defendant Ivy may be served with Summons and a copy of this Complaint pursuant to O.C.G.A. § 40-12-2 by servic.

3.

Defendant FedEx is a corporation organized under the laws of Delaware and with its principal place of business in Pennsylvania. FedEx is engaged in the business of interstate motor carrier transportation throughout the United States and the State of Georgia.  FedEx was responsible for the tractor-trailer driven by Defendant Ivy.  FedEx is an interstate motor carrier registered with the U.S. Department of Transportation under DOT number 265752 and is subject to all federal and state laws and regulations governing interstate common carriers. According to the Federal Motor Carrier Safety Administration, FedEx may be served with a summons and copy of this Complaint through its registered agent for service of process, The Corporation Company, 106 Colony Park Drive, Ster. 800-

b, Cumming, Georgia 30040.  FedEx is subject to the jurisdiction and venue of this Court.

4.

Defendant Flomac is a corporation organized under the laws of Mississippi and with its principal place of business in Mississippi. Defendant Flomac was operating as a contract service provider for Defendant FedEx on the date of the Subject Incident. Defendant Flomac may be served with a summons and copy of this Complaint via O.C.G.A. § 14-2-1510(b) by certified mail to: Charles Dwayne Hardman, President, Chief Executive Officer, 19 Scotland Yard, West Point, MS 39773 and serving a copy of the process upon the Secretary of State.

5.

At all times pertinent hereto, Defendant Ivy was an actual and/or ostensible agent or otherwise a servant and/or employee of Defendant FedEx and/or Defendant Flomac and was acting within the course and scope of such employment or agency.  Defendant FedEx and/or Defendant Flomac are vicariously liable for Defendant Ivy's actions and/or failures to act.

6.

This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. Venue is proper

pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and the Defendants and subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

7.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

8.

On or about February 27, 2022, at approximately 2:18 a.m., Defendant Ivy was driving a tractor trailer, VIN # 3HSDZTZR4KN701300, southbound in the fourth lane from the median wall on Interstate 285 in East Point, Fulton County, Georgia.

9.

Defendant Ivy was transporting cargo on behalf of Defendant FedEx and/or Defendant Flomac.  Defendant FedEx and/or Defendant Flomac was the motor common carrier responsible for this tractor-trailer, this load and for the actions of Defendant Ivy.

4

10.

At the same time, Kenneth Mitchell was standing on the right shoulder of Interstate 285 southbound following a collision which resulted in disabling damage to his vehicle.

11.

At or about the same time, Defendant Ivy was driving the tractor-trailer recklessly toward the section of roadway where the prior collision occurred.

12.

Defendant Ivy failed to stop his tractor trailer in time and swerved to the right, exiting the roadway and striking and mortally wounding Kenneth Mitchell.

13.

Defendant Ivy's tractor trailer continued up a grass embankment and became lodged under the Washington Road underpass.

14.

As a direct and proximate result of the collision, Plaintiff Kenneth Mitchell was severely injured and was transported to Grady Medical Center where he remained until his death on March 28, 2022.

**COUNT I**

**NEGLIGENCE AND NEGLIGENCE *PER SE***

15.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

16.

Defendant Ivy had a duty to exercise due care while operating his vehicle.

17.

Defendant Ivy breached the duty to exercise due care when he failed to keep a proper lookout and proper distance from the car in front of him, failed to keep his vehicle under control, and otherwise drove in a careless and/or reckless manner, such that he allowed his tractor-trailer to exit the roadway and strike Kenneth Mitchell.

18.

Defendant Ivy was negligent *per se* for violating rules of the road intended to protect persons such as Mr. Mitchell from injury, including but not limited to:

a. Following too closely, O.C.G.A. § 40-6-49;

b. Driving recklessly, O.C.G.A. § 40-6-390(a);

c. Failure to exercise due care, O.C.G.A. § 40-6-241;

19.

Defendant Ivy's negligent and/or negligence *per se* directly and proximately caused the collision with Mr. Mitchell, his injuries, and his death.

20.

Mr. Mitchell suffered extensive injuries and ultimately died of those injuries as a direct and proximate result of Defendant Ivy's negligence.

21.

At all times pertinent hereto, Defendant Ivy was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant FedEx and/or Defendant Flomac.

22.

Defendant FedEx and/or Defendant Flomac is responsible and liable for Defendant Ivy's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

23.

As the direct and proximate result Defendants' negligence, Mr. Mitchell sustained serious injuries, suffered immense fear, distress and conscious pain and suffering and subsequently died.  Plaintiffs seeks recovery for all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to, the full value of the life of Mr. Mitchell.

**COUNT II**

**NEGLIGENCE *PER SE* FOR VIOLATION OF
FEDERAL MOTOR CARRIER SAFETY REGULATIONS**

7

24.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

25.

At all times relevant hereto, Defendant FedEx and/or Defendant Flomac were subject to the minimum standards established by the Federal Motor Carrier Safety Regulations, 49 C.F.R. pts. 300-399, either directly or as adopted by Ga. Comp. R. and Regs. 515-16-4-.01.

26.

Defendants Defendant FedEx and/or Defendant Flomac were negligent *per se* for violating rules and regulations applicable to commercial motor carriers that are intended to protect persons such as Plaintiff from injury, including but not limited to:

    a. Failure to operate a commercial motor vehicle in accordance with the laws of Georgia, 49 C.F.R. § 392.2.

27.

Defendant FedEx and/or Defendant Flomac's negligence and negligence *per se* directly and proximately caused the collision with Mr. Mitchell's vehicle.

28.

At all times pertinent hereto, Defendant Ivy was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant FedEx and/or Flomac.

29.

Defendant FedEx and/or Defendant Flomac is responsible and liable for Ivy's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

30.

As the direct and proximate result Defendants' negligence, Mr. Mitchell sustained serious injuries, suffered immense fear, distress and conscious pain and suffering and subsequently died.  Plaintiffs seeks recovery for all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to, the full value of the life of Mr. Mitchell.

**COUNT III**

**NEGLIGENT HIRING AND RETENTION**

31.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

32.

Defendant FedEx and/or Defendant Flomac owed a duty not to hire or retain drivers it knew or should have known posed a risk of harm to others.

33.

Defendant FedEx and/or Defendant Flomac breached that duty when it negligently hired, contracted with, and/or retained Defendant Ivy as a driver and failed to exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle interstate.

34.

As the direct and proximate result Defendants' negligence, Mr. Mitchell sustained serious injuries, suffered immense fear, distress and conscious pain and suffering and subsequently died.  Plaintiffs seeks recovery for all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to, the full value of the life of Mr. Mitchell.

**COUNT IV**

**NEGLIGENT TRAINING AND SUPERVISION**

35.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

10

36.

Defendant FedEx and/or Defendant Flomac owed a duty to train and/or supervise its drivers in safely and prudently operating a commercial motor vehicle in compliance with federal and local laws and regulations.

37.

Defendant FedEx and/or Defendant Flomac breached this duty when it negligently failed to exercise ordinary care to properly train and/or supervise Defendant Ivy and to ensure his fitness for the task of driving a commercial motor vehicle interstate.

38.

As the direct and proximate result Defendants' negligence, Mr. Mitchell sustained serious injuries, suffered immense fear, distress and conscious pain and suffering and subsequently died.  Plaintiffs seeks recovery for all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to, the full value of the life of Mr. Mitchell.

## COUNT V

## PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1

39.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

40.

The actions of Defendant FedEx, Defendant Flomac, and Defendant Ivy as alleged herein were willful, malicious, wanton, oppressive, or showed that entire want of care that would raise the presumption of conscious indifference to the consequences of their conduct.

41.

As such, Plaintiffs are entitled to recover punitive damages from Defendant FedEx, Defendant Flomac, and Defendant Ivy in an amount sufficient to punish them and to deter such conduct in the future.

**COUNT VI**

**FEES AND EXPENSES OF LITIGATION, O.C.G.A. § 13-6-11**

42.

The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

43.

Defendants and their agents have been stubbornly litigious and have caused Plaintiffs unnecessary trouble and expense in having to file this suit and pursue

their claims through litigation.  Pursuant to O.C.G.A. § 13-6-11, Plaintiffs are entitled to recover their attorneys' fees and expenses of litigation from Defendants.

**WHEREFORE,** Plaintiffs pray for the following relief:

1.  That summons and process issue requiring the Defendants to appear as provided by law to answer the allegations of this Complaint;

2.  A **TRIAL BY JURY** of all issues so triable;

3.  That Plaintiff recover general and special damages in an amount to be proved at trial;

4.  That Plaintiff recover for the full value of the life of Kenneth Mitchell;

5.  That Plaintiff be awarded punitive damages in an amount to be determined at trial;

6.  All authorized attorneys' fees, costs, and interest; and

7.  Such other and further relief as this Court deems just and proper.

Respectfully submitted this 30th day of June, 2022.

HARRIS LOWRY MANTON LLP


 /s/ Stephen G. Lowry
STEPHEN G. LOWRY
Georgia Bar No. 460289
*ATTORNEY FOR PLAINTIFF*

410 E. Broughton Street
Savannah, Georgia 31401
(912) 651-9967 (phone)
(912) 651-1276 (fax)
steve@hlmlawfirm.com